UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN GREGORY LAMBROS,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERATIVE REPUBLIC OF BRAZIL *et al.*,<br><br>      Defendants. | Civil Action No. 19-cv-1929 (TSC) |

## **MEMORANDUM OPINION**

This lawsuit, brought *pro se*, stems from Plaintiff's extradition from Brazil to the United States, where he was convicted of federal drug offenses. Defendants Brazil and political sub-division Rio de Janeiro State have moved to dismiss. For the reasons explained below, Defendants' motion will be GRANTED.

### **I. BACKGROUND**

In May 1989, Plaintiff was indicted on four counts "stemming from a cocaine importing conspiracy." *United States v. Lambros*, 65 F.3d 698, 699 (8th Cir. 1995). He "fled the country, and was arrested in Brazil in May 1991." *Id*. In June 1992, after contesting extradition, Plaintiff was remanded to the United States' custody. In January 1993, he was convicted of all counts in the United States District Court for the District of Minnesota. *Id*.

On February 10, 2017, Plaintiff filed the instant civil suit in the Superior Court of the District Columbia, which Defendants removed to this court on June 27, 2019.

1

*See* Order, ECF No. 25 (denying motion for remand and vacating entry of default).  The prolix Complaint, consisting of 491 paragraphs, is wide-ranging but essentially challenges Plaintiff's extradition proceedings in the Brazilian court and the conditions of his confinement in Brazil.  Plaintiff alleges, among other things, that while awaiting extradition he was tortured and subjected to bizarre mind-control procedures by Brazilian authorities, apparently with the United States' consent, assistance, and/or indifference.  *See* Compl. ¶¶ 4-17, ECF No. 1-3; *cf. Lambros*, 65 F.3d at 701 (referencing "persuasive indirect evidence that Lambros was not mistreated in Brazil").

Defendants identify the following claims and requests for relief: (1) unlawful trade practices, fraud and artifice, Compl. ¶¶ 80-134, 472; (2) fraud, *id.* ¶¶ 135-165, 473; (3) negligent misrepresentation, *id.* ¶¶ 166-171, 474; (4) negligence, *id.* ¶¶ 172-181, 475; (5) breach of contract, *id.* ¶¶ 182-192, 476; (6) breach of fiduciary duty, *id.* ¶¶ 193-218, 477; (7) intentional infliction of emotional distress, *id.* ¶¶ 219-228, 478; (8) false arrest and false imprisonment, *id.* ¶¶ 229-266, 479; (9) assault and/or battery, *id.* ¶¶ 267-298, 480; (10) civil conspiracy, *id.* ¶¶ 299-311, 481; (11) violations of the Racketeering Influence and Corrupt Organizations Act ("RICO Act"), *id.* ¶¶ 331-469, 483; (12) a request for a declaratory judgment, *id.* ¶¶ 312-330, 482; (13) a request for medical monitoring, *id.* ¶ 485; and (14) injunctive relief, *id.* 1-3 ¶¶ 488-489.  Mem. of P. & A. ("Mem.") at 16, ECF No. 26-1.

## II.  LEGAL STANDARD

Defendants seek dismissal first under Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction.  "Federal district courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of*

2

*Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134,141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

In evaluating a motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "'the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.'" *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). And while courts construe *pro se* filings liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the non-justiciability of the case and the absence of jurisdiction cannot be overcome by liberal construction of the complaint.

### III.  ANALYSIS

Defendants argue that Plaintiff has not met his burden of establishing jurisdiction under the Foreign Sovereign Immunities Act (FSIA).  Mem. at 17-27.  The court agrees.

The FSIA "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts," save exceptions set out in the Act, *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020), or where "an [existing] international agreement" to which the United States was a party at the time of the FSIA's enactment in 1976 provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005) (citations omitted); *see Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) ("The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies") (internal quotation marks and citation omitted)); *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 442 (1989) (exception under 28 U.S.C. § 1604 "applies when international agreements 'expressly conflic[t]' with the immunity provisions of the FSIA").  A foreign state cannot  "waive its immunity under § 1605(a)(1) by signing an international agreement that contains no mention of a waiver of immunity to suit in United States courts or even the availability of a cause of action in the United States."  *Argentine Republic*, 488 U.S. at 442.

Plaintiff relies on Article XII of the Brazil/United States Treaty of Peace, Friendship, Commerce and Navigation, Dec. 12, 1828, 8 Stat. 390, T.S. 34, 5 Bevans 792 ("Amity Treaty"), *available at* http://avalon.law.yale.edu/19th_century/brazil01.asp., *see* Opp'n at 15 ¶ 40, ECF No. 34, and Article XI of the Treaty of Extradition between the United States and Brazil, Jan. 13, 1961,15 U.S.T. 2093, T.I.A.S. 5691, 532 U.N.T.S. 177, *see* Compl. ¶¶ 22, 26.

Article XII of the Amity Treaty states:

> Both the contracting parties promise and engage formally to give their special protection to the persons and property of the citizens and subjects of each other, of all occupations, who may be in their territories, *subject to the jurisdiction of the one or the other*, transient or dwelling therein, *leaving open and free to them the tribunals of justice for their judicial intercourse, on the same terms which are usual and customary with the natives or citizens and subjects of the country in which they may be*; for which they may employ, in defence of their rights, such advocates, solicitors, notaries, agents and factors, *as they may judge proper in all their trials at law*.

(Emphases added.) Article XI of the Extradition Treaty states:

> The determination that extradition based upon the request therefor should or should not be granted shall be made in accordance with the domestic law of the requested State, and the person whose extradition is desired shall have the right to use such remedies and recourses as are authorized by such law.

Neither provision mentions immunity, and "treaties do not generally create rights that are privately enforceable in the federal courts." *United States v. Li*, 206 F.3d 56, 60–61 (1st Cir. 2000) (citing *Head Money Cases*, 112 U.S. 580, 598 (1884) (other citations omitted)). In *Argentine Republic*, the Supreme Court examined similar reciprocity language in an amity treaty between the United States and Liberia providing that nationals of each country "shall enjoy freedom of access to the courts of justice of the other on conforming to the local laws." 488 U.S. at 443. The Court explained that because the FSIA "is clearly one of the 'local laws' to which respondents must 'conform' before bringing suit in United States courts," no exception under the Act applied. *Id.* Plaintiff has asserted nothing to compel a different result here.

Plaintiff also suggests that immunity is waived under the FSIA's commercial activity exception and its noncommercial tort exception. Neither exception applies

5

here, however.

The FSIA waives immunity for claims based on

> commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

28 U.S.C. § 1605(a)(2) ("commercial activity exception"), and claims

> not otherwise encompassed in paragraph (2) above, in which money damages against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; *except* this paragraph shall not apply to—
>
> (A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or
>
> (B) any claim *arising out of* malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

28 U.S.C. § 1605(a)(5) ("tortious conduct exception") (emphases added)).

### A. Commercial Activity

"A state is immune from the jurisdiction of foreign courts as to its sovereign or public acts (*jure imperii* ), but not as to those that are private or commercial in character (*jure gestionis*). Saudi Arabia v. Nelson*, 507 U.S. 349, 359-60 (1993). Commercial activity occurs when a foreign state "acts 'in the manner of a private player within' the market." *Id*. at 360 (citation omitted). Extradition, which is the overarching issue in this case, is a quintessential "sovereign act," *United States v. Trabelsi*, 845 F. 3d 1181, 1187 (D.C. Cir. 2017) (internal quotation marks and citation

omitted), and the Supreme Court has explicitly held that allegations of "personal injury resulting from unlawful detention and torture by [a foreign government] is not 'based upon a commercial activity' within the meaning of the Act," *Nelson*, 507 U.S. at 351.

### B. Noncommercial Torts

Plaintiff's Complaint fares no better under the tortious conduct exception for the simple reason that the behavior leading to Plaintiff's injuries was allegedly undertaken in Brazil by Brazilian authorities, and "the law is clear that the entire tort—including not only the injury but also the act precipitating that injury—must occur in the United States." *Jerez v. Republic of Cuba*, 775 F.3d 419, 424 (D.C. Cir. 2014); *see Argentine Republic*, 488 U.S. at 441 ("the exception in §1605(a)(5) covers only torts occurring within the territorial jurisdiction of the United States").  Furthermore, as set out above in subparagraph (B), Plaintiff's claims of fraud, misrepresentation, breach of contract, breach of fiduciary duty, false arrest, and false imprisonment are explicitly excluded from the tortious conduct exception.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for want of jurisdiction will be GRANTED, and Plaintiff's pending motion for an appointment of counsel will be denied as moot.  A corresponding order will issue separately.

Date:  May 6, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge